UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
FEB 28 1997

| | |
|---|---|
| SOUTH DAKOTA HEALTH SERVICES COMPANY d/b/a BLUE CROSS BLUE SHIELD OF SOUTH DAKOTA,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH GOSCH and BONNIE GOSCH,<br><br>Defendants. | CIV. 97-4042<br><br>COMPLAINT |

COMES NOW the Plaintiff, by and through its attorneys of record, and for its Complaint against the Defendants, states and alleges as follows:

## PARTIES

I.

Plaintiff is a South Dakota corporation doing business throughout the State of South Dakota, with its principal corporate office located in the City of Sioux Falls, County of Minnehaha, State of South Dakota.

II.

Defendants are residents of Beadle County, State of South Dakota.

## JURISDICTION

III.

This action is brought pursuant to 29 U.S.C. § 1001 et seq., and 28 U.S.C. § 2201.

IV.

The jurisdiction of this Court is based upon 28 U.S.C. § 1331.

V.

Venue in the indicated judicial district is proper pursuant to 28 U.S.C. § 1391(a).

VI.

In approximately 1988, Plaintiff and Defendants entered into a comprehensive group major medical health contract. The Defendants were covered under the contract which was secured through a group known as the South Dakota Retailer's Association. A copy of the current comprehensive major medical contract is attached hereto as Exhibit A.

VII.

The group major medical contract between the parties is an employee benefit plan subject to ERISA, 29 U.S.C. § 1001, et. seq.

## DECLARATORY RELIEF UNDER ERISA

### Termination of Contract

VIII.

Plaintiff realleges each and every matter, allegation and thing set forth in Paragraph I through VII above.

IX.

On or about November 19, 1996, Defendants executed a Plea Agreement attached hereto and incorporated herein by this reference as Exhibit B. The agreement was court approved on that same date by South Dakota Third Judicial Circuit Court Judge, The Honorable Jon R. Erickson.

X.

In Paragraph II of the Plea Agreement, the Defendants agreed as follows:

-2-

"As restitution, Defendants will waive entitlement to pending claims falling within the Indictment period (approximately five thousand dollars ($5,000)), as well as all pending claims for 1992 (approximately forty-two thousand dollars ($42,000)).

XI.

In Section VI (2) (A) - Term and Termination of Exhibit A, the Plaintiff and Defendants agreed that

"The Plan(s) reserve the right to terminate all Contracts offering like coverage, but do not have the right to terminate this Contract alone except for fraudulent use of the Contract or for fraud, misrepresentation or concealment of material facts made by the Subscriber in the application."

XII.

Defendants have submitted approximately $150,000.00 of prescription charges to Plaintiff to process and pay under the above-mentioned contract.

XIII.

Because of Defendants' fraudulent use of the contract, the contract between the parties should be terminated and no coverage afforded for the claims submitted by Defendants as described in Paragraph XII above under the contract pursuant to Sections VI(2)(A) and VI(2)(C).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court issue a declaratory judgment and necessary orders, pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1001, et. seq.:

(1) That this Court terminate the contract and determine the rights, responsibilities, and liabilities of the parties hereto;

(2) That this Court find and declare that the contract between the parties does not

afford coverage to Defendants pursuant to Sections VI(2)(A) and VI(2)(C);

(3) That Plaintiff recover its costs, disbursements, and attorney's fees herein; and

(4) That the Court grant such other and further relief as the Court determines is just and proper under the circumstances.

Dated at Sioux Falls, South Dakota this 28th day of February, 1997.

JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.

BY _____
Steven M. Johnson
A. Russell Janklow
431 North Phillips Avenue
Suite 400
Sioux Falls, SD 57104-5933
(605) 338-4304

Attorneys for Plaintiff

-4-